OPINION OF THE COURT
Roger J. Miner, J.
Defendant moves pursuant to CPLR 3124 for an order “compelling the plaintiff to disclose his medical reports on the grounds that said reports are material and necessary to the preparation of a defense by the defendant”.
*392 The motion must be denied. Defendant would be entitled to plaintiffs reports of physical examination only if the plaintiff had requested a copy of the reports of physicians designated by defendant to examine the plaintiff. (CPLR 3121, subd [b].) The plaintiff here has not made such a request. If the plaintiff refrains from demanding the reports of the defendant’s examining physicians, disclosure of plaintiffs reports may be avoided. (7 Carmody-Wait 2d, NY Prac, § 42:161.)
Court rules may broaden the CPLR provision relative to the exchange of medical information. (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, C3121:8.) However, the present rule in the Third Department merely provides for the exchange of medical reports at the pretrial conference in the discretion of the Justice presiding. (22 NYCRR 861.17.) Since this action has not reached the pretrial conference stage, movant is bound by the provisions of the CPLR. (3A Weinstein-Korn-Miller, NY Civ Prac, par 3121.22.) The cases cited by movant do not pertain to the practice in the Third Department.